RADUE, APPELLANT, *v.* PAUWELYN, RESPONDENT.

(No. 1,441.)

(Submitted April 15, 1902. Decided July 14, 1902.)

*Executors—Rejection of Claim—Suit on Note—Waiver.*

1. The fact that an executor rejects a note presented as a claim against the estate does not authorize suit on the note before its maturity.
2. The consent by defendant in an action on a note, commenced before its maturity, to the filing of a substituted complaint after the maturity of the note and the filing of an answer does not estop him from relying on the premature bringing of the action as a defense.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

ACTION on a note by Frederic Radue against Cyril Pauwelyn, as executor of James Tuohy, deceased. From a judgment for defendant, plaintiff appeals. Affirmed.

*Mr. G. W. Stapleton,* and *Mr. Oliver M. Hall,* for Appellant.

*Mr. John W. Cotter,* for Respondent.

THE HONORABLE JAMES M. CLEMENTS, one of the district judges of the First judicial district, sitting in the place of MR. JUSTICE MILBURN, delivered the opinion of the court.

This is an action by the appellant against the respondent, as executor of the last will of James Tuohy, deceased, upon a promissory note executed March 24, 1893, payable two years after date. James Tuohy, the maker of the note, died October 2, 1893, and on November 2, 1893, respondent was duly appointed executor of his will.

After respondent qualified as executor, and had given notice to the creditors of the deceased, appellant presented his claim to the executor, and the same was disallowed and rejected on December 26, 1893. On December 28, 1893, this suit was commenced. On October 31, 1898, by consent of parties, appellant filed a substituted complaint, setting forth the same cause of action alleged in the original complaint. On November 14, 1898, respondent filed an amended answer setting up the fact that the suit was commenced prior to the maturity of the note. On March 13, 1899, appellant filed a replication to the amended answer, admitting that the suit was commenced December 28, 1893, and that the note sued on matured March 24, 1895. At the time of the filing of the replication, respondent moved for judgment on the pleadings, which motion was granted.

It is admitted by the pleadings that suit was commenced prior to the maturity of the note, but appellant insists that the cause

of action accrued, not upon the maturity of the note, but upon the rejection of his claim by the executor; that such rejection constituted such a breach of the contract as that an action would lie; and also that respondent is estopped from invoking the premature bringing of the suit as a defense, by consenting to the filing of the substituted complaint after the action accrued, and by answering the same.

The authorities cited do not support the views urged by appellant, and the record in the case discloses nothing which can aid the appellant in the way of entitling him to recover upon an action prematurely brought, or make inapplicable the general rule of law that the right of action must be complete when suit is brought.

The judgment of the district court is affirmed. *Remittitur* forthwith.

MR. CHIEF JUSTICE BRANTLY: I concur.

MR. JUSTICE PIGOTT: I concur.

MR. JUSTICE MILBURN, being disqualified, did not hear the argument and takes no part in the foregoing decision.